UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MACK R. GIBSON,

Petitioner,

v.

CONSTANCE REESE, Warden,

Respondent.

Civil File No. 01-1588 (RHK/FLN)

**REPORT AND RECOMMENDATION**

Mack R. Gibson, Federal Medical Center, PMB 4000, Rochester, Minnesota 55903, Petitioner, pro se.

Michelle E. Jones, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Respondent.

FRANKLIN L. NOEL, United States Magistrate Judge

Petitioner, a prisoner at the Federal Medical Center in Rochester, Minnesota, commenced this action by filing an application for habeas corpus relief pursuant to 28 U.S.C. § 2241. He claims that the federal Bureau of Prisons, ("BOP"), has miscalculated his release date, by failing to give him proper credit for time that he was in custody before he was sentenced. Respondent has filed a response to the petition, contending that Petitioner has received proper credit for his pre-sentencing incarceration, and that the petition should be dismissed.

The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, the Court concludes that Petitioner is not entitled to habeas corpus relief, and that this action should be dismissed.

FILED MAY 30 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

In 1985, Petitioner was sentenced to eight years in federal prison for distributing heroin. He was released on parole in 1990, but he was taken back into federal custody on February 15, 1994, because he allegedly violated the conditions of his parole by dealing cocaine. On June 1, 1994, Petitioner was found guilty of violating his parole, and he was returned to prison to serve out the remaining three years of his original 1985 sentence.

Petitioner received credit toward his three-year parole violator term for the time that he spent in federal custody between February 15, 1994, (the date when he was apprehended), and June 1, 1994, (the date when he was found guilty and sentenced for his parole violation). He also received good-time credits while he was serving his parole violator term. With the benefit of those two sets of credits, (the pre-sentence credit and the good time credits), Petitioner had fully served and completed his parole violator term as of February 20, 1996.

However, Petitioner was not released from federal custody when he completed his parole violator term, because by then he had been convicted on two new charges of trafficking in cocaine, based on the same events that had caused him to be found guilty of violating his parole. The two new cocaine trafficking charges were brought against Petitioner in November 1995 in the U.S. District Court for the Northern District of Iowa. He was awaiting sentencing for those two offenses when his parole violator term expired in February 1996.

Petitioner was sentenced for his two new crimes on October 2, 1996. The trial court imposed a ten-year sentence for each of the two convictions, to be served concurrently. The trial court's judgment expressly stated that "[t]his term shall run concurrent to any

parole revocation time remaining." Of course, Petitioner had already completed his parole violator term more than seven months before his current sentence was imposed, so there was no "parole revocation time remaining" that could run concurrently with his new sentence.

The trial court's sentencing judgment also included the following "recommendations to the Bureau of Prisons":

> "That the defendant be placed at FMC Rochester, MN, in order to address his medical needs. The Court also recommends that he be given credit for time served in federal custody on these charges since 12/13/95."[1]

After Petitioner was sentenced, the BOP informed him that he would be given credit toward his sentence for the time that he was in custody after his parole violator term ended on February 20, 1996. Therefore, while Petitioner's current ten-year sentence did not actually begin to run until October 2, 1996, he has received credit toward that sentence for the 225 days that he spent in custody between February 20, 1996, and October 2, 1996. With the benefit of good time credits, Petitioner is currently expected to be released from prison on November 5, 2004.

In his present application for habeas corpus relief, Petitioner claims that the BOP has miscalculated the length of his sentence by failing to give him proper credit for the time that he was incarcerated before his current sentence was imposed. Based on the sentencing judgment entered by the trial court, Petitioner claims that he should have been given credit toward his current sentence for the time that he was incarcerated after December 13, 1995, (the date referred to in the sentencing judgment), and not just for the

[1] A copy of the trial court's judgment is attached to the Declaration of Ernie Frie, (Docket No. 10), as "Attachment A."

time that he was incarcerated after February 20, 1996, (the date when he completed his parole violator term). This would add another 69 days to his pre-sentence credit, (for the period of December 13, 1995, to February 20, 1996), which would then expedite his release date by 69 days.

Petitioner also seems to be claiming, (at least in some parts of some of his submissions), that he actually should have been given credit toward his current sentence for the entire period of time that he was incarcerated for his parole violation, (i.e., for the period of February 15, 1994, to February 20, 1996), in addition to the 225 days of credit he was given for the period between February 20, 1996, and October 2, 1996. This claim is based on vague allegations of "prosecutorial vindictiveness" and "double jeopardy" in connection with his prosecution, conviction and sentencing on the cocaine trafficking charges. In a separate "supplement" to his petition, (Docket No. 4), Petitioner further contends that if the trial court had properly applied the United States Sentencing Guidelines, (specifically USSG 5G1.3), his current sentence would have been reduced by the number of days that he spent in federal custody from the date he was arrested through the date he was sentenced, (i.e., from February 15, 1994, through October 2, 1996).

Respondent acknowledges that Petitioner has exhausted his available administrative remedies as to the claims pertaining to <u>the BOP's implementation</u> of his sentence. Those claims, Respondent contends, should be denied on the merits. Respondent further contends that Petitioner's claims pertaining to the <u>trial court's imposition</u> of his sentence, (including the sentencing guidelines claim), should be summarily denied without being addressed on the merits, because those sentence-imposition claims cannot properly be

entertained in a § 2241 habeas corpus proceeding.[2] The Court agrees with both of Respondent's arguments.

## II. DISCUSSION

### A. The BOP's Alleged Sentence-Implementation Error

After a prison sentence has been imposed by a federal court, the BOP must determine how much credit the prisoner should receive for any time spent that he may have spent in custody before being sentenced. United States v. Wilson, 503 U.S. 329, 333-35 (1992). This is part of the BOP's responsibility for executing, implementing and enforcing prison sentences that are imposed by federal courts. When determining how much credit should be given for time spent in custody before sentencing, the BOP must follow 18 U.S.C. § 3585(b), ("Credit for prior custody"), which provides as follows:

> "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> >
> > that has not been credited against another sentence."

---

[2] It might at first appear that Petitioner's sentence-imposition claims could be dismissed due to non-exhaustion of administrative remedies, because Petitioner did not raise any of those claims in any of his administrative grievances. Upon closer examination, however, it is evident that Petitioner's sentence-imposition claims should not be dismissed due to non-exhaustion, because that would erroneously suggest that the BOP could provide some relief for those claims, if any of them were valid. Clearly though, the BOP could not grant Petitioner any relief on any of his sentence-imposition claims, (through its administrative remedies process or otherwise), because those claims are based on errors allegedly committed by the trial court, which the BOP is powerless to correct.

(Emphasis added.)

Relying on the highlighted portion of this statute, Respondent contends that Petitioner could not have been given credit for any time that he was in custody before February 20, 1996, because all of the time that he was in custody prior to that date was "credited against another sentence" – namely Petitioner's parole violator term. Petitioner opposes this argument on two grounds.

First, Petitioner contends that § 3585(b) cannot be applied to his case because his original 1985 criminal conviction and sentence, which precipitated his parole violator term, were entered before § 3585(b) was enacted. This argument might warrant more serious consideration if Petitioner's 1985 sentence, or his subsequent parole violator sentence, was at issue here. But that is not the case. Petitioner's 1985 sentence, and the ensuing parole violator term, had been fully served before his present sentence was even imposed, and his current incarceration is in no way attributable to that fully-served sentence. The only sentence that Petitioner is presently serving, and the only sentence that can now be given any meaningful review, is the one imposed on October 2, 1996. That sentence, as well as the offenses and convictions from which it resulted, occurred well after § 3585(b) was enacted. Therefore, § 3585(b) is clearly applicable to the sentence at issue here. <u>See</u> <u>United States v. Vazquez</u>, No. Crim. 92-464-01 (E.D.Pa. 1994) 1994 WL 130006 at *2 (§ 3585(b) precluded federal prisoner from receiving credit toward his current prison sentence for time already credited to a parole violator term, even though the parole violator term presumably stemmed from a crime committed before § 3585(b) was enacted); <u>DeMartino v. Thompson</u>, No. 96-6322 (10th Cir. 1997) 1997 WL 362260 (unpublished opinion) at *2 (same).

Petitioner secondly contends that Respondent's application of § 3585(b) in his case disregards the trial court's recommendation that he should "be given credit for time served in federal custody on these charges [i.e., the two cocaine trafficking charges] since 12/13/1995." This argument must be rejected because § 3585(b) prohibits the BOP from following the trial court's recommendation.

The BOP could not give Petitioner credit toward his current sentence for any of the time that he was in custody before February 20, 1996 -- including the period between December 13, 1995, and February 20, 1996 – because all of that time was credited to his old parole violator term. If the BOP attempted to comply with the trial court's recommendation, by giving Petitioner credit for the time he was in custody before February 20, 1996, the BOP would violate § 3585(b)'s clear prohibition against double crediting. See Wilson, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time"); United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991) (per curiam) ("[a] defendant is entitled to credit for time spent in official detention only if it has not been credited against another sentence"), citing 18 U.S.C. § 3585(b). See also Vazquez, 1994 WL 130006 at *2 ("[t]ime that has been credited against another sentence was expressly excluded by [§ 3585(b)] from time that the Defendant can receive as prior custody credit"); DeMartino, 1997 WL 362260 ("time... spent in official detention prior to sentencing was credited against the parole violator term and may not also be credited against" a subsequent sentence).

It is not entirely clear what the trial court had in mind when making the recommendation at issue in this case, but it is clear that the BOP could not legally carry out that recommendation in the manner advocated by Petitioner. By enacting § 3585(b),

Congress has mandated that the BOP must not give federal prisoners credit for pre-sentencing detention time that has already been credited toward another sentence. The BOP has faithfully followed that mandate in Petitioner's case.

B. The Trial Court's Alleged Sentence-Imposition Errors

Petitioner has also challenged his sentence on several additional grounds that are wholly unrelated to any act or omission by the BOP. He claims that his sentence was invalid from moment it was ordered by the trial court because (i) it is the result of a vindictive prosecution, (ii) it violates the Constitution's double jeopardy clause, and (iii) the trial court misapplied the federal sentencing guidelines. Respondent contends that these claims cannot be adjudicated in the present § 2241 habeas corpus action, because they pertain to the imposition of Petitioner's sentence by the trial court, rather than the execution of his sentence by the BOP. Respondent further contends that Petitioner's collateral challenges to the imposition of his sentence can be raised only in a motion to vacate his sentence brought under 28 U.S.C. § 2255. The Court agrees.

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or

sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also, Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983) ("a federal prisoner's challenge to the validity of his sentence must be addressed to the committing court unless he can show that such a motion is inadequate or ineffective to test the legality of his detention").

Petitioner's claims based on alleged prosecutorial vindictiveness, double jeopardy, and misapplication of the sentencing guidelines, all relate to his trial court proceedings. These claims are not based on the BOP's execution, implementation or enforcement of Petitioner's sentence; instead they pertain to the trial court's imposition of that sentence. Therefore, these claims are subject to § 2255's exclusive remedy rule, and they cannot be entertained in this § 2241 habeas corpus proceeding.

Petitioner could try to raise his sentence-imposition claims in a § 2255 motion to the trial court, but he would face two formidable hurdles if he did that. First, he probably would be procedurally barred from raising his sentence-imposition claims in a § 2255 motion, because it appears that he could have raised them in a direct appeal, but failed to do so. See United States v. Frady, 456 U.S. 152, 164-65 (1982) (relief is generally not available under § 2255 for claims that could have been raised on direct appeal but were not). Second, any § 2255 motion that Petitioner might now attempt to file probably would be barred by the one-year statute of limitations applicable to such motions. See 28 U.S.C. § 2255[¶ 6]; 28 U.S.C. § 2244(d).

Even though it appears that Petitioner is now barred from raising his sentence-imposition claims in a § 2255 motion, he cannot argue that the remedy provided by § 2255 has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. A federal prisoner cannot circumvent the procedural restrictions on § 2255 motions by simply seeking relief under § 2241 instead of § 2255. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire") (citations omitted).[3] See also United States ex rel. Perez v. Warden, FMC Rochester, No. 01-2807 (8th Cir. March 20, 2002) 2002 WL 424666 at *2 (describing the "inadequate or ineffective remedy" exception as a "narrowly-circumscribed 'safety valve'").

In sum, Petitioner's claims pertaining to the sentence imposed by the trial court must be brought before that court in a § 2255 motion. Petitioner cannot avoid § 2255's exclusive remedy rule and challenge his sentence in a § 2241 habeas corpus action, even though he may no longer be able to bring his claims under § 2255. To the extent that Petitioner

---

[3] Similar decisions have been reached in other circuit courts that have considered this subject. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate, [citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

is challenging anything that occurred in the trial court, habeas corpus relief under § 2241 is simply not available.

**III. CONCLUSION**

For the reasons discussed above, the Court concludes that Petitioner is not entitled to relief on any of the claims that he has attempted to raise here. Petitioner's claims challenging the BOP's calculation and implementation of his sentence must be denied on the merits, because the BOP has acted just as Congress has mandated at 18 U.S.C. § 3585(b). It will therefore be recommended that Petitioner's claims pertaining to the calculation and implementation of his sentence be dismissed with prejudice. Petitioner's other claims, challenging his conviction and sentencing in the trial court, cannot be raised in a § 2241 habeas corpus petition. It is recommended that those sentence-imposition claims be dismissed without prejudice, so that Petitioner can try to raise them in a § 2255 motion, (even though it appears that such a motion would have little chance of succeeding).

**IV. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED – with prejudice as to all claims challenging the execution of Petitioner's current sentence, and without prejudice as to all claims challenging Petitioner's underlying conviction and sentencing in the trial court.

DATED: ~~April~~ MAY 30, 2002

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

## *Featured Speakers Include:*

District of Minnesota

Judge David S. Doty

Judge Donovan W. Frank

Judge Paul A. Magnuson

Judge Ann D. Montgomery

Judge John R. Tunheim

Chief Magistrate Judge Jonathan Lebedoff

Magistrate Judge Arthur J. Boylan

United States Bankruptcy Court
District of Minnesota

Judge Robert J. Kressel

The Minnesota Chapter of the Federal Bar Association
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

Application Pending for 7.5 CLE Credits including
2 Ethics and 1 Bias Credit

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
PAID
Minneapolis, MN
Permit No. 2657

MINNESOTA CHAPTER OF
THE FEDERAL BAR
ASSOCIATION

In connection with
The Federal Judiciary

# *28th Annual Federal Court Practice Seminar*

June 19, 2002
8:00 am—5:15 pm

Minneapolis Convention Center
1301 Second Avenue South
Room 208
Minneapolis, MN 55402
(612) 335-6000

## Morning Session:

| | |
|---|---|
| **7:30-8:00** | **Registration** |
| **8:00-8:15** | **Opening Remarks and Welcome,** ***Judge Ann D. Montgomery*** |
| **8:15-9:00** | **Securities Law Issues in the Wake of Enron,** ***Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)*** |
| **9:00-9:45** | **Current Issues in Employment Law,** ***Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)*** |
| **9:45-10:00** | **Morning Break** |
| **10:00-10:45** | **Current Initiatives in the U.S. Attorneys' Office,** ***Tom Heffelfinger (U.S. Attorneys Office)*** |
| **10:45-11:45** | **Discovery Disputes: Professionalism in the Practice of Law?,** ***Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,*** |
| **11:45-12:45** | **Lunch (Room 211)** |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| **12:45-1:30** | **The Clerk's Office Can Be Your New Best Friend,** ***Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon*** |
| **1:30-2:15** | **How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How,** ***Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)*** |
| **2:15-3:15** | **Issues in the Wake of 9/11: Racial Profiling --** ***Daniel M. Scott (U.S. Federal Public Defenders' Office)*****; Response by the Department of Justice --** ***Tony Brown (U.S. Attorneys Office)*** |
| **3:15:3:30** | **Afternoon Break** |
| **3:30-4:15** | **Update on Technology Tools for Litigating in Federal Court,** ***Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)*** |
| **4:15-5:15** | **Ethics in "Real Life" Practice Situations,** ***Martin A. Cole (Lawyers Professional Responsibility Office)*** |

## Seminar Registration

☐ Member $195.00
☐ Non-Member $225.00

Name ______________________

Firm/Employer ______________________

Address ______________________

______________________

Phone ______________________

E-Mail ______________________

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens Vice President, Planning, Minnesota Chapter FBA
(612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building