**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

MACK R. GIBSON,

Petitioner,

v.

CONSTANCE REESE, Warden

Respondent.

Civil No. 01-1588 (RHK/FLN)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Petitioner's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 21.) Petitioner, a federal prisoner incarcerated at the Federal Medical Center in Rochester, Minnesota, is attempting to appeal the Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

AUG 2 6 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In the instant case, Petitioner's IFP application shows that he has no assets of consequence, and that his only income is whatever gifts he receives from family or friends. The current balance of his prison trust account is $0.39. Based on the information provided in Petitioner's IFP application, the Court finds that he is financially eligible to proceed IFP on appeal.

Although the Court does not believe that Petitioner has any meritorious grounds for an appeal, the Court is not prepared to say that Plaintiff's appeal is "frivolous," as that term has been defined by the Supreme Court. Plaintiff's appeal is therefore found to be taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3).

Accordingly, Plaintiff's IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 21), is GRANTED.

Dated: August 26, 2002

RICHARD H. KYLE
United States District Court Judge